UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHANA CORCIA,    Case No.:13-cv-954-ADS-GRB
  on behalf of herself and the class defined herein,
    "CLASS ACTION"
        Plaintiffs,    AMENDED COMPLAINT

  v.

AMERICAS RESIDENTIAL PROPERTIES, LLC
A FICTITIOUS NAME a/k/a
 USA RESIDENTIAL PROPERTIES, LLC

        Defendant.
------------------------------------------------------X

Plaintiff, Chana Corcia, individually and on behalf of all similarly situated individuals, for her Complaint against Americas Residential Properties, LLC a fictitious name a/k/a USA Residential Properties, LLC alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 11 C.F.R. part 226.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

3. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

## THE PARTIES

4. Plaintiff, Chana Corcia, is an individual who resides in Long Beach, New York.

5. Americas Residential Properties, LLC a fictitious name a/k/a USA Residential Properties, LLC ("ARP") is a Delaware corporation with an address for service of c/o Corporation Service Company, 80 State Street in Albany, NY 12207. On information and belief, ARP acquired more than one mortgage obligation during the last 12 months.

## FACTUAL ALLEGATIONS

6. According to the foreclosure complaint dated December 12 2012 brought by Defendant against Plaintiff, on the date October 9th, 2012, Defendant Americas Residential Properties, LLC claims to receive an assignment of an interest in the Plaintiff's mortgage loan. See Exhibit A.

7. The mortgage loan at issue was secured by the Plaintiff's principal residence at the time the alleged transfer took place, namely plaintiff's single family home.

8. The Truth-in-Lending Act,15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. §1641(g) states:

(g) **Notice of new creditor**

(1) **In general**
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

(2) **Definition**
As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

## COUNT ONE

9. Plaintiff realleges the allegations above as if fully set out herein.

10. With respect to Plaintiff, Defendant Americas Residential Properties, LLC claims to have received an assignment of an interest in real estate, which was used by Plaintiff as her principal dwelling when the alleged transfer occurred.

11. Upon receipt of that alleged assignment, Defendant was required to notify Plaintiff in writing of such transfer within 30 days, and make all the disclosures set out above.

12. Defendant failed to notify her at all and therefore failed to make the requisite disclosures.

**WHEREFORE**, Plaintiff demands judgment against Defendant for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

13. Plaintiff restates the relevant allegations above on behalf of a class of borrowers similarly situated, bringing the following class claim against Defendant.

14. These claims are brought on behalf of all residential mortgage borrowers who:

A. From a time period beginning one year prior to the date of the filing of this Complaint to the present;

B. Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2);

C. Interest in their mortgage loan was sold or otherwise transferred or assigned to Defendant; and

D. Defendant did not make all of the disclosures in the manner required by

15 U.S.C. § 1641(g)(1).

15. The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business.

16. The scope of this class definition may be further refined after discovery of Defendant's books and records.

17. The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. It is believed that the Class includes hundreds or thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that Class members have knowledge of their claims, their damages are in such amounts that, when taken individually, they may be too small to justify the expense of a separate lawsuit.

18. The representative Plaintiff's claims are typical of, if not identical to, the claims of the Class.

19. The representative Plaintiff will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the Class.

20. The representative Plaintiff has retained counsel who is competent and experienced in consumer fraud class action litigation.

21. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

22. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

23. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

24. The substantive claims of the representative Plaintiff and the Class are identical, and will require evidentiary proof of the same kind and application of the same law.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members may number in the hundreds or thousands and individual joinder is impracticable.

26. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for herself and on behalf of the class of borrowers described above, demand judgment against Defendant and the following relief:

A) For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

B) An award of reasonable attorney's fees as provided by law and statute;

C) An award of costs and expenses incurred in this action; and

D) An award for such other relief as the court may deem just and proper.

Dated: New York, New York
3-18-2013

The Law Offices of Shimshon Wexler, PC

By: _____
Shimshon Wexler (SW0770)
Attorney for Plaintiff
PO Box 250870
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

Exhibit A

KNOW ALL MEN BY THESE PRESENTS that THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFUND (USA) RESIDENTIAL MORTGAGE TRUST, with an address of 505 N. 20TH ST 9TH FL, SUITE 950, BIRMINGHAM AL, 35203 ("Assignor"), does hereby ASSIGN AND TRANSFER to AMERICAS RESIDENTIAL PROPERTIES LLC, with an address of 2711 CENTERVILLE RD., STE 400, WILMINGTON, DE 19808 ("Assignee"), all right, title and interest in and to that certain Mortgage executed by CHANA CORCIA, mortgagor(s) to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD dated November 20, 2006, and recorded in the Office of the Clerk of the County of NASSAU, State of New York, on November 30, 2006, in Liber M 31264 at Page 527, given to secure the payment in the original amount of Four Hundred Ninety-Six Thousand and no/100 Dollars ($496,000.00).

Chain of Title is as follows:

(1) A Mortgage executed by CHANA CORCIA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD dated November 20, 2006, and recorded on November 30, 2006 in Liber M 31264 at Page 527 in the amount of $496,000.00. (2) Said Mortgage was assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD. to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated August 30, 2011 and recorded on April 26, 2012 in Liber M 37199 on Page 697. (3) Said Mortgage was then assigned from BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP to THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFUND (USA) RESIDENTIAL MORTGAGE TRUST by an Assignment to be recorded simultaneously herewith. (4) "Said Mortgage was further assigned from THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFUND (USA) RESIDENTIAL MORTGAGE TRUST to AMERICAS RESIDENTIAL PROPERTIES LLC by this Assignment to be recorded."

The real property secured by said Mortgage is located and known as 44 VINTON STREET, LONG BEACH, NY 11561, Section 59, Block 226, Lot 4 & 5 and is more fully described in the Mortgage. Assignor does hereby assign and transfer to Assignee all rights secured under said Mortgage and all indebtedness secured thereby.

THIS ASSIGNMENT is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, said

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFUND
(USA) RESIDENTIAL MORTGAGE TRUST BY BLUESTONE LOAN
MANAGEMENT SERVICES LLC ITS APPOINTED ATTORNEY IN FACT

has caused this instrument to be signed by its _____ this 9 day of October, 2012.

Gloria A. Rocha, Assistant Vice President

STATE OF California )
COUNTY OF Orange ) ss.

On this the ___ day of _____, 2012, before me the undersigned, a notary public in and for the state above, _____, personally appeared and personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument the individual(s), or person upon behalf of which the individual(s) acted, executed the instrument.

Signature

When recorded mail to:
Fein, Such, & Crane, LLP.
7 Century Drive
Parsippany, NJ 07054 Our
File #: KSHN002 Loan #:

Notary Public
My Commission Expires:
See attached acknowledgment

of 2, record second



Exhibit A

**ALL-PURPOSE ACKNOWLEDGEMENT**

State of California
County of Orange

On October 9, 2012 before me, Marywth Long, Notary Public, personally appeared Gloria A. Rocha, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary

(seal)

AOM -